## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JASMINE M. WINSTON | CIVIL ACTION NO. 08-111 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before this Court is a Motion for New Trial or an Altered or Amended Judgment [Record Document 34], filed on behalf of the Plaintiff, Jasmine M. Winston. Defendants oppose this motion. [Record Document 36]. For the reasons stated herein, Plaintiff's motion is **DENIED.**

### PROCEDURAL BACKGROUND

On January 27, 2007, Plaintiff Jasmine M. Winston ("Winston") was arrested outside a local nightclub known as Club Ice after a large crowd gathered outside the entrance. She was charged with refusal to disperse, resisting arrest, and battery on a police officer, all misdemeanors. [Record Document 17, SOF ¶ 9].

On January 25, 2008, Winston filed suit against the City of Shreveport, Shreveport, Police Department, former Interim Chief of Police Mike Vansant, Corporal D.R. Sawyer, and Officer W.J. Willis (collectively referred to as "Defendants"). In her Complaint, Winston asserted false arrest and excessive use of force claims against Cpl. Sawyer and Officer Willis, Monell claims against the City of Shreveport, the Shreveport Police Department, and Chief Vansant for unlawful policies and practices which allegedly caused or contributed to

her injuries, and pendent state law claims based on direct and vicarious liability. [Record Document 1 (Complaint)].

On August 14, 2009, Defendants filed a motion requesting summary judgment be entered in their favor. [Record Document 17]. Subsequently, Cpl. Sawyer and the City of Shreveport made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. The plaintiff accepted the Rule 68 Offer of Judgment [Record Document 26] and an Order of Partial Judgment was entered against the City of Shreveport and Cpl. Sawyer. [Record Document 29].

On October 28, 2009, the Court granted defendants' motion for summary judgment with respect to Plaintiff's remaining federal law claims against Officer Willis for false arrest and excessive use of force, against former interim Chief of Police Mike Vansant for supervisory liability, and pendent state law claims against Officer Willis and former interim Chief of Police Mike Vansant remain. [Record Documents 32, 33]. The Court determined that: (1) the police officers had probable cause to issue a lawful command to disperse throughout the entire incident at Club Ice, including the time of the incident between Officer Willis and Winston, (2) because Officer Willis had probable cause to arrest Winston for "failure to disperse" in violation of La. R.S. § 14:349.3 when she refused to comply with the officer's commands to disperse and leave the area, he is entitled to qualified immunity on Winston's claim of false arrest; (3) Winston suffered no more than a "de minimis injury" which is insufficient to maintain a claim for excessive use of force; and (4) there was no evidence in the record that Chief Vansant failed to train, supervise, or discipline Officer Willis or that any such failure amounted to deliberate indifference. [Record Document 32].

Winston filed the instant motion on November 11, 2009 requesting the Court grant a new trial or, alternatively, alter or amend the judgment. [Record Document 34].

## LAW AND ANALYSIS

As an initial matter, the Court recognizes that the Winston's motion was not filed within 10 days of the entry of judgment and is untimely under Rule 59(e) of the Federal Rules of Civil Procedure. This procedural flaw is not necessarily fatal, however, as the Court may treat Winston's motion as one for relief from a final judgment pursuant to Rule 60(b). See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998) ("a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief"). Consequently, Winston's request for a new trial will be construed under Rule 60(b)(6), the "catch-all" provision. Rule 60(b)(6) allows relief from judgment for "any other reason that justifies relief." See also, Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 770 (5th Cir. 1995).

The Court has considerable discretion in granting a motion for new trial under Rule 60(b)(6). "Rule 60(b)(6) 'is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses.' " Id. at 773 (quoting Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453 (5th Cir.1992). However, the Court should grant the motion "only if extraordinary circumstances are present." Gov't Fin. Servs., 62 F.3d at 773 (quoting American Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810, 815-16 (5th Cir.1993) (quoting Picco v. Global Marine Drilling Co., 900 F.2d 846, 851 (5th Cir.1990)). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These

motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." Simon v. United States, 891 F.3d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). In addition, a court's error "in the exclusion of evidence is not grounds for reversal unless substantial rights are affected or unless the affirmance is inconsistent with substantial justice." Reddin v. Robinson Prop. Group, 239 F.3d 756, 759 (5th Cir. 2001).

After a thorough review of Winston's motion for an altered or amended judgment, the Court finds Winston has failed to present any new evidence for the Court's consideration. Rather, Winston merely argues matters which were previously presented in her opposition to defendants' motion for summary judgment and were carefully considered by the Court prior to making its ruling. Having already exhaustively examined the arguments and evidence presented by the parties, the Court denies Winston's request for reconsideration.

Accordingly,

**IT IS ORDERED** that Winston's Motion for New Trial or Altered or Amended Judgment [Record Document 34] be and is hereby **DENIED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 17th day of December, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE